STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| Appeal of Tenney | } | Docket No. 217-11-04 Vtec |
|  | } |  |
|  | } |  |

Decision and Order on Cross-Motions for Summary Judgment

Appellant-Applicant Richard T. Tenney appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Lincoln denying his remanded 2003 application for a zoning permit to place a 14' x 70' mobile home with a 8' x 10' front porch in the footprint of a former residence on the property. Appellant-Applicant is represented by Jon T. Anderson, Esq.; the Town of Lincoln is represented by Jill E. Spinelli, Esq. Interested persons Jennifer and Curtis Kile entered their appearance representing themselves in two earlier cases, and have been treated as parties in this consolidated appeal, but did not formally enter their appearance or participate in the briefing of this motion. Both represented parties have moved for summary judgment on the merits of this appeal.

The following facts are undisputed unless otherwise noted. Appellant-Applicant owns a 0.17-acre parcel of land[1] within the Town of Lincoln's Outlying zoning district. Single family dwellings are a permitted use in the Outlying zoning district. A single-family dwelling existed on the property long before the Town's adoption of the Zoning Regulations. Whatever sewage disposal system or method served the dwelling was in place prior to the Town's adoption of its Sewage Disposal Ordinance in 1995.

The preexisting dwelling was nonconforming with the rear setback requirement and the lot is nonconforming with the minimum lot size requirement of the Zoning Regulations, but the lot meets the requirements for consideration as a pre-existing small lot. The preexisting dwelling was destroyed by fire on April 24, 2002.

Appellant-Applicant's 2003 application to rebuild on the site had been denied and had been appealed to this Court in Docket No. 170-9-03 Vtec. In that appeal, by entry order dated April 6, 2004, the Court had ruled that:

> All that is before the Court in this appeal is whatever was before the ZBA. If the Zoning Administrator simply postponed ruling on the application for a zoning permit until Mr. Tenney first obtained a variance from the ZBA, then all that is before the Court in this appeal is the Zoning Administrator's decision that the application needed that variance. If in this appeal the Court decides that the application does not actually need a variance . . . then the application goes back to the Zoning Administrator for him to act on it.

While the issue of whether the 2003 application required a variance was still before the Court, Appellant-Applicant applied in 2004 to place a shorter mobile home and attached porch entirely within the footprint of the original residence. In response to the 2004 application, the Administrative Officer issued a letter to Appellant-Applicant dated April 27, 2004, explaining that the application was incomplete because it lacked the sewage disposal system construction permit required by §504.3 of the Zoning Regulations, and because it lacked documentation of the number of bedrooms in the former house and whether the house was served by a leach field.

In early May of 2004, the parties agreed that, although the foundation of the former house was 60 feet in length, the house itself had been approximately 75 feet in length, so that the 2003 application for a 70-foot-long mobile home did not require a variance. Based on that agreement, on May 19, 2004, the Court issued an order in Docket No. 170-9-03 Vtec vacating the ZBA decision on the 2003 application and remanding the matter to the Zoning Administrator for a ruling on the merits of the 2003 application.

On May 21, 2004, the Administrative Officer denied the 2004 application after the additional requested information had not been provided. Appellant-Applicant did not appeal that denial, preferring to pursue the remanded 2003 application for the longer mobile home. On August 12, 2004, the Administrative Officer issued a decision denying

the remanded 2003 application for the same reasons as the 2004 application had been denied. Appellant-Applicant appealed that decision to the ZBA, which upheld the Administrative Officer's denial of the 2003 application. That denial is the subject of this appeal.

The only requirement for approval of a single-family residential building within the footprint of the pre-existing building contested by the Town is whether, under §504.3 of the Zoning Regulations, Appellant-Applicant's application for the zoning permit was required to include a sewage disposal system construction permit. That section requires a sewage disposal construction permit "if applicable."

Under §3.2 of the Sewage Ordinance, a single-family residence requires a Disposal System Construction Permit before commencement of construction. Construction is defined to include three categories: the construction of a foundation for or "erection of a new building;" activities related to structures falling within the change of use provisions of §3.5; and "any work which involves or may affect any portion of existing or proposed sewage disposal or water supply facilities on the site." Appellant-Applicant's proposal falls at least within the first of these categories, as it constitutes erection of a new building, and therefore requires a Disposal System Construction Permit.

Appellant-Applicant's proposal also may fall within the third of these categories if it may affect any portion of the existing sewage disposal facilities on the site. In the present case, Appellant-Applicant asserted in his affidavit that the pre-existing building "was served by a septic system" in operation before the 1995 Sewage Ordinance, and that the system "works well without creating a health hazard or public nuisance and without polluting ground or surface water." Accordingly, the Zoning Administrator reasonably required 'other information' under §504.5 of the Zoning Ordinance about those asserted existing sewage disposal facilities, whatever they might be, in order to determine whether Appellant-Applicant's proposal may affect the existing sewage disposal facilities on the site, under §3.2 of the Sewage Ordinance, or involves any repairs to or rebuilding of the existing sewage disposal facilities subject to §3.2.1 of the Sewage Ordinance, or is eligible for consideration as a minor modification under §3.2.2. of the Sewage Ordinance.

Appellant-Applicant also claims that the sewage disposal system for the property is grandfathered under §3.6 of the Sewage Ordinance. That section is not an exemption from the requirement of obtaining approval of the sewage disposal system for existing single-family and seasonal residences. Rather, it is an approval by operation of the ordinance, for existing sewage disposal systems, "provided that such systems do not create a health hazard or a public nuisance, or pollute surface or groundwater." Material facts are in dispute as to whether the property even has an existing "sewage disposal system"

as that term is defined in the Sewage Ordinance, that is, whether it uses "undisturbed soil on-site as a disposal medium" or instead whether it constitutes a straight pipe onto the surface of the ground at the stream bank. If it does have an existing sewage disposal system, it is for the Sewage Control Officer and/or the Town Health Officer (under the Sewage Ordinance) and not for the Zoning Administrative Officer (under the Zoning Ordinance)[2] to determine whether or not it is creating a health hazard or public nuisance, or is polluting surface or groundwater. If it is, and needs to be upgraded, the "extent to which compliance is possible" must also be determined under the Sewage Ordinance, not the Zoning Ordinance.

The Town also argues that this Court lacks jurisdiction to hear this appeal, because "some new evidence has surfaced suggesting that the Applicant does not own all of the lands over which he is proposing to construct the replacement mobile home."

This Court only has jurisdiction to determine whether an appealed application meets the criteria in the Zoning Regulations and other applicable regulations necessary for approval. In general, the existence of a related private property dispute does not deprive the Court of jurisdiction, although it may make it difficult for an applicant to show that an application meets all the requirements for approval. For that reason, if there is a related private property dispute to be resolved in Superior Court, it may make sense to postpone a zoning appeal to be heard after any necessary property disputes are resolved.

In the present cases, at the telephone conference (see enclosed notice) the parties should be prepared to discuss whether the remaining matters should proceed despite the pendency of the property dispute.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicant's Motion for Summary Judgment is DENIED and the Town's Motion for Summary Judgment is GRANTED on the issue that the proposal requires a Disposal System Construction Permit prior to the Zoning Administrator's consideration of the zoning permit at issue in the present case. Whether the existing system qualifies as a "sewage disposal system" under the Sewage Ordinance, and whether it is eligible for approval as an existing system under §3.6.1 or as a minor modification under §3.2.2, are factual questions that must be resolved in the first instance by the Sewage Control Officer and are not before the Court in this appeal.

This decision appears to the Court to conclude all the issues in the above-captioned case. However, this matter and the two related enforcement cases remain scheduled for hearing on April 12 and 13, 2005. Accordingly we will hold a brief telephone conference on March 24, 2005 (notice enclosed), with all the parties in all the pending cases, to discuss whether any issues remain for that hearing in the present

appeal, and whether the parties prefer to place the remaining cases on hold until the property disputes are resolved.  Please be prepared to discuss the status of any related property disputes and whether they have been or are being filed in Superior Court.

Done at Berlin, Vermont, this 21st day of March, 2005.

_____

Merideth Wright

Environmental Judge

_____

[1]  If there is a dispute regarding the size or boundaries of this parcel, with reference to adjacent land of the Kiles, such dispute must be resolved in Superior Court and is not before this Court in this appeal or in either of the related enforcement cases, Docket Nos. 169-9-03 Vtec and 226-12-04 Vtec.

[2]  In some towns, the same individual may fill both or all three positions, but the route of appeal from decisions made under the Sewage Ordinance may not be the same as that from decisions made under the Zoning Ordinance.